The judgment of the court was pronounced by
Eustis, C. J.
This is an action on the part of the wife for a separation from bed and board from her husband, on account of ill treatment and abuse, which, it is alleged, she has for a long time suffered from him. The plaintiff had judgment in the court below, and the defendant has appealed.
The act of the defendant, on which the district judge founded his judgment, and which is mainly relied upon in this court by counsel for its affirmance, is some language grossly defamatory of the wife made use of by the husband in a conversation with a witness, at which no one else was present, and which took place after the institution of the present action.
Conceding for the sake of argument, that this, of itself, would authorize the court in decreeing a ■ separation from' bed and board at the instance of the wife, we think the court erred in separating this fact from the other facts of the case. The conduct of the plaintiff has been unfortunately marked by continued exasperation, and, at times, by violence towards her husband ; for which, according to the evidence, his acts and deportment afforded no ground of provocation. Under such cases we take the jurisprudence of this State to be settled, that the party plaintiff cannot obtain a separation from bed and board. Durand v. Her Husband, 4 Martin, 174. Fleitus’ case, 9 L. R., 421. Tourne’s case, Id. 452. Cooper's case, 10 L. R., 251. See also in the English Ecclesiastical Reports, (Ingraham’s edition of 1831,) Brisco v. Brisco, vol. 2, 294. Waring v. Waring, vol. 4, 523.
If the conduct of the party complaining has been outrageous, the remedy must be first sought in a reformation of conduct and deportment. The evils complained of may cease with the behaviour which has produced them; if they do not, the interference of the law may be justly invoked. Waring v. Waring, 2 Phillmore’s Rep. 132.
A separation of property has also been claimed by the plaintiff; but we infer, from the petition, that it is sought rather as a consequence of the principal demand than as a distinct substantive remedy. The allegations on that branch of the case axe sufficient in the petition to authorize the action of the court upon it; but as the case does not appear to have been prepared with reference to it, except as an incident to the action for a separation from bed and board, or in a manner to enable us to close the whole case by a final judgment, we shall reserve the rights of the plaintiff in relation to a separation of property, without any expression of opinion for or against them.
The judgment of the district court is therefore reversed, and the plaintiff’s demand for a separation of bed and board dismissed, reserving the rights of the plaintiff to claim a separation of property; the plaintiff paying the costs in both courts.